FILED

MAY 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

QUINN WILSON,

              Plaintiff - Appellant,

  v.

CHARLES L. RYAN; et al.,

              Defendants - Appellees.

No. 14-15960

D.C. No. 4:12-cv-00851-CKJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

    Quinn Wilson, an Arizona state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging violation of his

right to freely exercise his religious beliefs under the First Amendment. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

_____

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

summary judgment and finding of qualified immunity, *Tarabochia v. Adkins*, 766 F.3d 1115, 1120 (9th Cir. 2014), and we affirm.

The district court properly granted summary judgment on the basis of qualified immunity because defendants' conduct did not violate clearly established law. *See Estate of Ford v. Ramierz-Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002) (a prison official may be entitled to qualified immunity where he has a reasonable, but mistaken, belief about the facts or about what the law requires in a given situation). Contrary to Wilson's contentions, the law was not sufficiently clear that a reasonable official would understand he was required to provide a pre-dawn meal, rather than a pre-sunrise meal, during Ramadan. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right").

Wilson's requests for counsel, set forth in his briefs, are denied.

**AFFIRMED.**

14-15960